THE STATE v. W. M. EARNHARDT.

*Arrest—Constitution—Municipal Ordinance.*

1. A municipal ordinance which forbids the use of "abusive or indecent language, cursing, swearing, or any loud or boisterous talking, or other disorderly conduct," within the corporate limits, is valid.

2. A fine or penalty imposed by a municipal ordinance is treated as a debt, and, under Art. 1, § 16, of the Constitution, a person from whom it is attempted to be collected is exempt from arrest, but he may be indicted and punished for the criminal offence of violation of the ordinance for which it is imposed, under the statute (*The Code*, § 3820).

3. Where a municipal ordinance imposed a penalty for its violation, and provided that the offender should be "arrested and fined twenty-five dollars upon conviction thereof": *Held*, that so much of the ordinance as provided for the arrest was in violation of the Constitution, but the other provisions were valid.

This was an indictment for violation of an ordinance of the town of Lenoir, instituted by warrant of the Mayor, and tried on appeal, at the Fall Term, 1890, of the Superior Court of CALDWELL County, before *Merrimon, J.*

The ordinance provided that any person or persons who shall, within the limits of the town of Lenoir, be guilty of using any abusive or indecent language, cursing, swearing, or any loud or boisterous talking, hollowing, or of any other disorderly conduct, shall be *arrested* and fined not less than twenty-five dollars upon *conviction* thereof.

It was admitted that the testimony showed that the defendant had violated the ordinance. But the defendant insisted that the ordinance upon its face was unconstitutional and could not be enforced. The jury returned a verdict of guilty. The Court pronounced judgment. The only error assigned is the refusal of the Judge to hold that the ordinance was void.

*The Attorney General,* for the State.
No counsel *contra.*

AVERY, J.—after stating the facts: We think that an ordinance which forbids the use of "abusive or indecent language, cursing, swearing or any loud or boisterous talking, hollowing or any other disorderly conduct" within the corporate limits of a town, and imposes a fine of twenty-five dollars for a violation of it, may be enacted by its proper authorities under the powers granted to them in the general law, especially section 3802 of *The Code,* and that such an ordinance is reasonable. *State* v. *Cainan,* 94 N. C., 883; *State* v. *McNinch,* 87 N. C., 567; *State* v. *Merritt,* 83 N. C., 677.

But the ordinance provides that offenders shall be *arrested* and fined, and, though no counsel appeared for the defendant in this Court, we suppose that counsel may have contended in the Court below that the municipality was not authorized to pass an ordinance that provided, in terms, for the arrest of those who should violate it. A fine imposed by a by-law is treated, for the purpose of determining the jurisdiction, as a debt arising *ex contractu,* and a suit brought for the collection of it is cognizable in the court of a Justice of the Peace where the penalty demanded does not exceed two hundred dollars. *Froelich* v. *Express Co.,* 67 N. C., 1. The Constitution (Art. 1, § 16) prohibits imprisonment for debt except in cases of fraud, and the town could not provide for an arrest merely for the purpose of collecting the fine imposed. The Legislature, by enacting section 3820 of *The Code,* made the violation of any ordinance a misdemeanor, and the right to arrest for such violation is given by that general law, not by the ordinance. The penalty may be recovered in a civil action, subject to the rules of practice applicable in the same jurisdiction in other similar suits.

But while the provision for arrest by virtue of the ordinance itself was void, it does not necessarily follow that the whole of the ordinance is thereby vitiated and rendered null. If a part of a by-law is void, every other part that is connected and essential, in order to constitute a complete prohibition of the act forbidden, is also void. 1 Dillon on Mun. Cor., § 421. But where a by-law consists of several distinct and independent parts one or more may be valid, the rest void. Dillon on Mun. Cor., § 160.

Where the city was authorized, by the express terms of its charter, to pass an ordinance imposing a fine and imprisonment, but not costs, it was held by the Supreme Court of Minnesota that an ordinance providing for the payment of costs, in addition to fine and imprisonment, was void only as to the payment of costs. *State* v. *Cantieny*, 34 Minn., 7. In our case, while the defendant cannot be arrested by virtue of the ordinance, but only for the offence created by the statute, there is a full and distinct prohibition and penalty provided in the by-law after striking out the words " arrested and." Those words are not so connected with other parts of the ordinance as to leave it incomplete, but, on the contrary, its enforcement by fine, without those words, accomplishes the object of the municipality, and reaches and corrects the very evil that it was intended originally to remedy. In *State* v. *Hunter*, 106 N. C., 796, there was no penalty provided for a violation of the ordinance, but the officer of the town was required to take the offender, without a hearing, to the station-house, and hence, it was declared void.

No error.                              Judgment affirmed.