JOSEPH *v.* THE MAYOR AND ALDERMEN OF MILLEDGEVILLE.

A municipal ordinance imposing a business tax of one third of one per cent. upon "all gross sales of goods, wares and merchandise of every kind" is not obnoxious to that clause of the constitution which declares that "all taxation shall be uniform upon the same class of subjects" because it further provides that "any person can relieve themselves of the gross sales tax by paying two hundred dollars in advance per annum." In so far as the ordinance in question imposes a tax, it is uniform as to all persons upon whose business it is imposed. If for any reason the commutation of the tax by an annual payment of $200 is illegal, it affords no reason for enjoining, at the instance of a taxpayer, the collection of the tax itself.

November 15, 1895.

v 97–33

Petition for injunction. Before Judge Hart. Baldwin county. August 12, 1895.

*Roberts & Pottle*, for plaintiff.
*Whitfield & Allen*, for defendant.

Simmons, Chief Justice.

On January 16, 1894, the Mayor and Aldermen of the City of Milledgeville passed an ordinance for the levy and collection of license and special taxes for the purpose of raising revenue to meet the ordinary and extraordinary expenses of the city for that year. The ordinance imposed, "upon all gross sales of goods, wares and merchandise of every kind, made on and after February 1, 1894," a tax of one third of one per cent. It was provided, however, that any person could relieve himself of this tax by paying $200 in advance per annum. An execution was issued against Adolphus Joseph for the amount of tax due by him under the ordinance; and he brought his petition to enjoin its enforcement, upon the ground that the ordinance was void because repugnant to paragraph 1, section 1 of article 7 of the constitution, which declares that "all taxation shall be uniform upon the same class of subjects," it being contended that the tax was rendered unequal by the provision for its commutation upon the payment of $200 in advance. The court refused an injunction, and the petitioner excepted.

If the ordinance in question contravenes the rule of uniformity prescribed by the constitution, it does so only in that part of it which provides for the commutation of the tax. In so far as it *imposes* a tax, it is uniform as to all persons upon whose business the tax is imposed. The rate is the same upon all gross sales of goods, wares and merchandise of every kind. The fact that a person thus taxed may, under another provision of the ordinance, secure a commutation of the tax, which, in case his sales for the year should exceed a certain amount, would result in

reducing below the prescribed rate the rate actually paid by him, could not affect the legality of the tax as laid. That part of the ordinance which imposes the tax is independent of and separable from the part which provides for its commutation; so that if this latter part should be rejected as invalid, the part which is legal would still stand and be capable of enforcement. This being so, it makes no difference in the present case whether the provision for commutation is illegal or not. The illegality of the commutation would afford no reason for enjoining the collection of the tax itself.	*Judgment affirmed.*