# Johnstown *v.* Central District and Printing Telegraph Company, Appellant.

*Taxation—License tax—Interstate commerce—Telephone company.*

A city of the third class has power to impose by ordinance an annual license tax upon a telephone company, although such company is engaged in both local and interstate commerce business, if there is nothing in the language of the ordinance indicating a municipal intention to tax interstate commerce business.

If there is a doubt in regard to the construction of an ordinance it should be resolved in favor of the validity of the ordinance.

Argued May 4, 1903. Appeal, No. 7, April T., 1903, by defendant, from judgment of C. P. Cambria Co., Dec. T., 1901, No. 254, for plaintiff on case stated in suit of City of Johnstown v. Central District and Printing Telegraph Company, Before RICE, P. J., BEAVER, ORLADY, W. D. PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Case stated to determine validity of municipal ordinance.

The case stated was as follows :

1. It is agreed that the city of Johnstown, the plaintiff, is a city of the third class, organized under the Act of Assembly of May 23, 1889, P. L. 277, and the supplements thereto, for the state of Pennsylvania.

2. The Central District and Printing Telegraph Company, the defendant, is a corporation organized under the laws of said state, with its principal office in the city of Pittsburg, said state.

3. The American Telephone and Telegraph Company is a corporation organized under the laws of the state of New York, with its principal office at No. 15 Dey street, in the city of New York, and is the owner of a majority of the capital stock of the defendant company.

4. The American Telephone and Telegraph Company has constructed lines of wire and established offices with the necessary appliances for the conduct of its business, and is now operating the same in the principal cities and towns in all the states of the union east of the Mississippi river and in several of the states beyond it.

5. The defendant company has likewise constructed lines of wire and established offices in cities and towns in the states of Pennsylvania, Ohio and West Virginia, and is now operating the same, and has direct connection with each other, and all the offices of the American Telephone and Telegraph Company, for the use and convenience of the public. The business of the said companies is the transmission of articulate speech by the agency of electricity, for hire, in interstate and intrastate commerce as aforesaid.

6. The defendant company has an office, with the necessary equipment, in the said city of Johnstown, and is doing business therein as a part of the system throughout the principal parts of the several states of the union as aforesaid.

7. The defendant company has paid to the plaintiff the sum of $292.50 as a pole tax on its property in the said city for the year beginning April 1, 1901, and being for same period for which the license tax of $100 is demanded for doing business therein, and for which this suit was entered. The defendant company has heretofore paid to the state of Pennsylvania the regular taxes upon its capital stock and upon its gross receipts for doing business in the said state.

8. The said city did duly adopt an ordinance, bearing date of May 7, 1890, by virtue of clause IV, section 3, art. V, of the Act of May 23, 1889, P. L. 277, providing for the levy and collection of an annual license tax for general revenue purposes upon every telephone company doing business in said city, of which the material parts are as follows:

Clause XVII, section 2. Every telephone company shall pay $100.

And providing for a penalty of not less than $5.00 nor more than $100 for the nonpayment of the same.

*Error assigned* was in entering judgment for plaintiff on case stated.

*H. W. Storey,* for appellant.—No state, even without discrimination, can impose any tax upon interstate commerce: Leloup v. Mobile, 127 U. S. 640 (8 Sup. Ct. Repr. 1380); Penna. Tel. Co., 48 N. J. Eq. 91 (20 Atl. Repr. 846); Postal Tel. Cable Co. v. Adams, 155 U. S. 688 (15 Sup. Ct. Repr. 268).

*Charles C. Greer,* for appellee.—It is well settled that the state can license both for regulation and revenue the privilege of conducting local business, that is, business within the state of telephone companies, though the same company may be engaged at the same office in transacting business beyond the state : Postal Telegraph Cable Co. v. Charleston, 153 U. S. 692 (14 Sup. Ct. Repr. 1094) ; Osborne v. Florida, 164 U. S. 650 (17 Sup. Ct. Repr. 214) ; Com. v. P. & R. R. R. Co., 62 Pa. 286 ; Com. ex rel. Wolfe v. Butler, 99 Pa. 535 ; Schoenhofen Brewing Co.'s License, 8 Pa. Superior Ct. 141 ; North Wales Borough v. Brownback, 10 Pa. Superior Ct. 227 ; Postal Tel. Cable Co. v. City of Charleston, 153 U. S. 692 (14 Sup. Ct. Repr. 1094 ; Pacific Express Co. v. Seibert, 142 U. S. 339 (12 Sup. Ct. Repr. 250) ; City of York v. C. B. & Q. R. R. Co., 56 Neb. 572 (76 N. W. Repr. 1065) ; City of Anniston v. Southern Ry. Co., 112 Ala. 557 (20 So. Repr. 915) ; W. U. Tel. Co. v. City of Freemont, 43 Neb. 499 (61 N. W. Repr. 724) ; Knoxville & Ohio R. R. Co. v. Harris, 99 Tenn. 684 (43 S. W. Repr. 115) ; Leloup v. Mobile, 127 U. S. 640 (8 Sup. Ct. Repr. 1380).

OPINION BY HENDERSON, J., October 5, 1903 :

The defendant company is a Pennsylvania corporation doing business in the city of Johnstown, where it has a local telephone system.  It is also engaged in the same business in other cities and towns in Pennsylvania, and has its lines extended into the states of West Virginia and Ohio, and is engaged in interstate commerce between the states named, and also in commerce exclusively within the state of Pennsylvania.  The city of Johnstown is a city of the third class, and is therefore expressly authorized to impose the license tax referred to in the case stated under paragraph 3 of clause IV of article V of the act of May 23, 1889.  The ordinance imposing the charge is general in its terms, makes no discrimination between subjects of taxation of the same class, is not unreasonable, and is not prohibitive of the business.

It may be conceded that if the ordinance referred to is a regulation of or imposes a burden upon interstate commerce it is repugnant to the federal constitution, and therefore invalid.  It is equally true that a person, partnership or corpora-

tion engaged in both intrastate and interstate commerce is not exempt from liability to tax on intrastate business: Ficklen v. Shelby County, 145 U. S. 1 (12 Sup. Ct. Repr. 810); Pullman Palace Car Co. v. Commonwealth, 141 U. S. 18 (11 Sup. Ct. Repr. 876); Postal Telegraph Cable Co. v. Charleston, 153 U. S. 692 (14 Sup. Ct. Repr. 1094).

The appellant being admittedly engaged in business done wholly within the state of Pennsylvania, it is subject to the operation of the ordinance unless it clearly appear that the ordinance also imposes a tax upon its interstate business.

The first section of the ordinance enacts " that every person, firm or corporation in the several classes hereinafter mentioned doing business in the city of Johnstown shall on or before the 25th day of April in each and every year apply to the city controller for a license," etc.

Section 2 of the ordinance provides, among other classes, that " every telephone company shall pay $100."

Nothing in the language of the ordinance indicates a municipal intention to tax interstate commerce business. On the contrary, it discloses an intention to impose a tax upon business done within the city of Johnstown only. The appellant is engaged in the management of a local telephone system in that city. The city has power to impose the license tax upon such business, and, in addition to the language of the ordinance, it is a fair presumption that such was the intention. " A state law must operate directly as a regulation of commerce before it will be pronounced unconstitutional: " Commonwealth v. Phila. & Reading R. R. Co., 62 Pa. 286. It is presumed that a legislative body does not intend to exceed its power, and that its laws were intended to operate within the limits of its jurisdiction: North Wales Borough v. Brownback, 10 Pa. Superior Ct. 227.

The ordinance bears the interpretation put upon it by the court below, and the court was therefore warranted in treating it as imposing a tax upon the local business of the defendant company only.

If there were a doubt in regard to the construction of the ordinance, it should be resolved in favor of its validity: Commonwealth ex rel. v. Butler, 99 Pa. 535 ; Commonwealth v. Phila. & Reading R. R. Co., 62 Pa. 286.

It is not necessary that it should appear by the express terms of the ordinance that the tax is imposed upon the business of the company done within the state. "So long as the regulation as to the license or taxation does not refer to and is not imposed upon the business of the company which is interstate, there is no interference with that commerce by the state statute:" Osborne v. Florida, 164 U. S. 650 (17 Sup. Ct. Repr. 214). In the case just cited a statute of the state of Florida imposed a license tax upon the express companies doing business in Florida, and an agent of the Southern Express Company, a transportation company engaged in interstate commerce as well as commerce within the state of Florida, was arrested under a penal provision of the statute for acting as an agent of an express company which had not paid the license fee required by the statute. Ninety-five per cent of the business of the express company was interstate commerce business. The courts of the state of Florida held that the statute was intended to apply only to business done within the state, and that the defendant was properly arrested. On appeal to the Supreme Court of the United States, it was held that the particular construction to be given to the statute was a question for the state court to deal with, and that the federal court would follow the construction given by the state court to the statutes of its own state. Nothing in the express terms of the statute limited the tax to intrastate business. It having been decided, however, by the Supreme Court of the state that its operation was properly confined to business done within the state, it was said by the Supreme Court of the United States, "We have no doubt as to the correctness of the decision that the act does not in any manner violate the Federal constitution." We consider this case decisive of the question raised on the present appeal.

It was properly questioned by the court below whether it clearly appeared from the case stated that the appellant in the management of its business in the city of Johnstown was conducting any interstate commerce business.

In the view of the case now taken, we do not consider it material whether it so appear or not. The ordinance by its terms permitting a construction limiting its operation to local business, and the appellant being admittedly engaged in a

business which would subject it to liability under the ordinance if it were not engaged in any interstate commerce business, no error was committed by the court.

The judgment is affirmed.