### 1921. CLARK *v.* CITY OF FITZGERALD.

1. Where a municipal ordinance is valid in part and invalid in part, and the valid part is separable from the invalid part, the ordinance as a whole will not fall, but the valid part will be upheld.
2. The evidence amply authorized the conviction, and there was no error in overruling the certiorari.

Certiorari; from Ben Hill superior court—Judge Whipple. May 6, 1909.

Submitted June 9, 1909.—Decided February 22, 1910.

*McDonald & Quincey*, for plaintiff in error.  *E. Wall*, contra.

RUSSELL, J. Tom Clark was convicted in the mayor's court of the City of Fitzgerald of the offense of disorderly conduct, and sentenced to pay a fine of $25 or to work 25 days on the public works of the city. The ordinance under which he was tried and convicted provides that persons convicted of disorderly conduct "shall be fined in a sum not to exceed $100 or ninety days in jail or at work on the streets of the city, or all, in the discretion of the mayor." This ordinance was passed prior to the act of 1907 (Georgia Laws 1907, p. 609), creating a new charter for the City of Fitzgerald. In the last section of the act just referred to, it is provided that "all ordinances passed by the mayor and council of the City of Fitzgerald under a former charter, or any amendment thereof, which are now in force, and which are inconsistent with and at variance with this act, be and are hereby expressly re-

pealed; but all ordinances of said City of Fitzgerald heretofore passed and now in force, which are not inconsistent with this act, are continued as ordinances of the said City of Fitzgerald in full force and effect until the same have been repealed by ordinance or resolution of the mayor and council as provided for in this act." The power of the mayor to impose penalties for violation of the city ordinances is expressly limited by the act (Section 4) as follows: "The mayor . . shall have full power and authority to hold . . a mayor's court for said city for the trial of offenders against the ordinances of said city, and impose such penalties for violation thereof as may be prescribed by ordinance, not exceeding a fine of two hundred dollars, and imprisonment and labor on the public works of the city for sixty days for each offense, but shall in all cases make the sentence in the alternative."

It is contended by the plaintiff in error that the ordinance under which he was tried and convicted is invalid, for the reason that the punishment therein prescribed exceeds the maximum punishment authorized by the act creating the new charter. In other words, the charter prescribes a maximum punishment of $200 fine, or imprisonment and work for 60 days, whereas the ordinance prescribes a maximum punishment of a jail sentence of 90 days, and work on the public works for a similar length of time, and also a fine of $100. It will thus be seen that the ordinance prescribes a jail sentence of 90 days without any charter authority for this punishment, and also a sentence to work on the public works for 90 days, whereas the charter authorizes only 60 days at such work. It is also pointed out that the ordinance prescribes a cumulative sentence, whereas only an alternative sentence is authorized by the charter. There is no doubt that the ordinance is invalid in so far as it exceeds the maximum punishment authorized by the charter. We are of the opinion, however, that in view of the portion of the act creating the new charter which expressly continues in force all prior ordinances of the city not inconsistent therewith, the ordinance is valid in so far as it authorizes a fine of $100, with an alternative sentence to work on the public works of the city not exceeding 60 days. It was evidently the intent of the legislature, in inserting this section in the act creating the new charter, to continue in force the existing ordinances of the city in so far as they were not inconsistent with the new charter. The city

had ample power under both the old and the new charter to punish for disorderly conduct; and the mere fact that the new charter restricted the amount of punishment which could be inflicted upon violators of the law invalidated the ordinance only in part, and operated to amend it accordingly. It has been frequently held that where a municipal ordinance is good in part and bad in part, and the good is separable from the bad, the whole ordinance does not fall. In such a case the good will be separated from the bad and upheld. See *Joseph* v. *Milledgeville,* 97 *Ga.* 513 (25 S. E. 323); *Campbell* v. *Thomasville,* 6 *Ga. App.* 238 (64 S. E. 815). The plaintiff in error was only sentenced to pay a fine of $25, or in lieu thereof to work on the public works of the city for 25 days. This sentence was valid both under the old and the new charter. Not being affected by the portion of the ordinance which is invalid, the plaintiff in error has no cause to complain.

2. The evidence fully authorized the judgment of guilty; and there is no merit in any of the assignments of error.

*Judgment affirmed.*