COOK *v.* CITY OF PASCAGOULA.

[83 South.  305, In Banc.  No. 20899.]

1. MUNICIPAL CORPORATIONS. *Ordinance imposing penalty greater than provided by state law.*

A provision in a municipal ordinance providing that all offenses against the state penal laws amounting to a misdemeanor shall be offenses against the municipality when committed within the corporate limits, and further providing that any person violating such ordinance shall, upon conviction, be fined not less than one dollar or more than one hundred dollars, or imprisoned in jail not to exceed one year or both, is void as undertaking to impose a penalty which in some cases would be in excess of the penalty provided by the state laws for the same offense.

2. SAME.

> But such excessive penalty so provided will not invalidate the whole ordinance, since section 3419, Code 1906, provides the penalty to be imposed for violation of city ordinances.

3. MUNICIPAL CORPORATIONS. *General ordinances on subject of offenses self operating.*

> Where a municipality takes advantage of section 3410, Code 1906, by adopting a general ordinance on the subject of offenses against the municipality, such ordinance so adopted is self operating.

APPEAL from the circuit court of Jackson county.

HON. D. M. GRAHAM, Judge.

Hattie Cook was convicted of violating a city ordinance prohibiting the possession of intoxicating liquors and appeals.

The facts are fully stated in the opinion of the court.

*F. S. McInnis* for appellant.

The only question presented by this appeal is the validity, or legality of Ordinances No. 1915-17 of the city of Pascagoula, which is set out at length in the record. The ordinance is a general one adopted under the authority of section 3410 of the Code of 1906, and makes all offenses against the city of Pascagoula when such offenses are committed within the corporate limits of the city of Pascagoula and provides a penalty for the violation thereof.

The ordinance consists of three sections. Section one and section three can be eliminated from this discussion, as section two is the one which we contend makes the ordinance void. Section 3410 of the Code of 1906, provides that all offenses against the law of the State, amounting to misdemeanors, may, when so provided by a general ordinance of a municipality, be made offenses against the municipality, as though such offenses were made offenses against the unicipality by separate ordinance in each case, "and upon conviction thereof the

same punishment shall be imposed by the city, town or village as is provided by the laws of the state with regard to such offenses against the state not in excess of the maximum penalty which may be imposed by municipal croproations.''

In this case the court fatally erred in imposing a penalty greater than the maximum that can be imposed by municipalities when a fine of one hundred and ten dollars was imposed on the appellant, section 3348. Code of 1906; further the sentence to the county jail is not within the power of the court in cases of this character. The sentence must be to the city jail.

The power conferred on municipalities of the state by the provisions of section 3410, Code 1906, must be strictly construed. This is true of all powers conferred on municipalities by statutes. The municipality can go no further than the statute permits it to go. When the power to pass an ordinance is given by statute, and the municipality undertakes to exercise that power it is bound to exercise it in the manner and form prescribed by statute, and in the event that the ordinance exceeds the power conferred it is void. When the legislature gave the power to a municipality to pass such an ordinance as is here under consideration it also limited the power in that it was provided that the punishment should be the ''same'' as is provided by the state law in regard to such offenses. This ordinance oversteps that limitation and fixes the punishment for a violation of the ordinance at a fine of not less than one dollar or more than one hundred dollars, or imprisonment not more than thirty days, or both. Not a word said in the ordinance about the punishment for a violation of the same to be the same as is provided for a violation of the state law.

There are innumerable crimes, almost where the law fixes a punishment for committing them at less than one hundred dollars. A violation of the Sabbath for instance.

Sections 1367 and 1368, Code of 1906, provide a fine of not less than twenty and not more than fifty dollars. Section 1370, Code of 1906, provides a penalty for hunting or fishing on Sunday of not less than five nor more than twenty dollars. Under the provisions of the ordinance in question for any of the offenses above named a person could be fined one hundred dollars and thirty days in jail. Or under the last one cited, one could be fined one dollar, when the statute defining the crime fixes the punishment at not less than a fine of five dollars. Another striking instance is in the punishment of the crime of vagrancy. Under the ordinance here the court trying a vagrant could fine him one dollar; the punishment fixed by the statute is different. Under the ordinance here the court trying a vagrant could not impose any legal penalty.

We submit that the penalty section of the ordinance makes the whole ordinance absolutely void. It exceeds the power conferred by the statute in that it undertakes to provide a different punishment for a violation of the ordinance than that prescribed by the statute giving the municipality the power to adopt the character of ordinance as the one here attempted to be adopted. It is well settled that a municipality cannot impose a penalty greater than the one the statute authorizes it to impose.

The statute giving this power expressly states what the punishment for a violation of the ordinance shall be. The ordinance adopted, and now in question, undertook to impose an entirely different penalty. The statute expressly states that ''upon conviction thereof the same punishment shall be imposed by the city, town or village as is provided by the laws of the state with regard to such offenses against the state.'' The ordinance says absolutely nothing in reference to that, but fixes the punishment at a fine of not less than one

dollar, nor more than one hundred dollars, or imprisonment not more than thirty days, or both.

We submit that the court below erred in admitting the ordinance in evidence, because it is absolutely void, and that the defendant should be here discharged.

A. W. Dent, Assistant Attorney-General, for the state.

The only error argued by counsel for the appellant in his brief is the validity or legality of Ordinances 1915-17 of the city of Pascagoula, which is set out in full for the convenience of court in the statement of facts herein. It is insisted that the court erred in permitting this ordinance to be introduced in evidence.

Section 2 of this ordinance is the section which the counsel for the appellant contends makes the ordinance void. The ordinance is a valid ordinance and the court did not err in permitting the state to introduce it in evidence. Smothers v. Jackson, 92 Miss. 327, 45 So. 982; 100 Miss. 249, 56 So. 386.

After the mayor and the board of aldermen adopted this blanket ordinance, under section 3410 of the Code of 1906 (Hemingway's Code, section 5940), the statute fixes the penalty. It provides: "Upon conviction . . . the same punishment shall be imposed by the city, town or village as is provided by the law of the state with regard to such offenses against the state not in excess of the maximum penalty which may be imposed by municipal corporations."

Section 3348 of the Code, of 1906, which section 5845 of Hemingway's Code, fixes the maximum fine at not exceeding one hundred dollars or the maximum imprisonment not exceeding thirty days. According to the judgment of the circuit court, the fine was fixed on appellant at one hundred and ten dollars, which is in excess of the maximum fixed by section 3448, supra. The appellant is not entitled to a new trial because the court fixed the fine at ten dollars in excess of the

maximum penalty which may be imposed by municipal corporations, but the case should be remanded for the proper fine to be imposed by the court.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from a conviction in the circuit court under an ordinance of the municipality of Pascagoula making it unlawful to possess intoxicating liquor. The only question presented by the appeal is the validity of the municipal ordinance involved and the legality of the penalty imposed.

The municipal ordinance under which the conviction was had was legally adopted in all respects and reads as follows:

"Section 1. That all offenses against the penal laws of the state of Mississippi amounting to a misdemeanor shall also be offenses against the city of Pascagoula, Mississippi, when committed within the corporate limits thereof.

"Sec. 2. That any person violating the provisions of this ordinance shall, upon conviction, be fined not less than one dollar nor more than one hundred dollars, or imprisonment in jail not to exceed thirty days, or both fine and imprisonment."

Upon trial and conviction of appellant, the court imposed a fine of one hundred and ten dollars and ten days in jail. It is urged by the appellant that the penalty imposed is void, because it is in excess of a fine of one hundred dollars; that the whole ordinance is void because it imposes a penalty of a fine of not less than one dollar or more than one hundred dollars for all offenses; and that the penalty imposed by section 2 of the ordinance is void and invalidates the entire ordinance because a maximum penalty of one hundred dollars and thirty days' imprisonment is imposed in the ordinance for conviction of any and all of the misdemeanors

named in the state statutes, whereas some of the offenses prescribed by the state laws, such as Sabbeth violations, are punishable under the statutes with a less maximum penalty than one dollar to one hundred dollars fine and thirty days' imprisonment, as imposed by section 2 of the ordinance here in question.

We here quote sections 3410 and 3348, Code of 1906:

"3410. All offenses under the penal laws of the state amounting to a misdemeanor shall, when so provided by a general ordinance of the municipality, also be offenses against the city, town or village in whose corporate limits the offense may have been committed to the same effect as though such offenses were made offenses against the city, town or village by separate ordinance in each case, and upon conviction thereof the same punishment shall be imposed by the city, town or village as is provided by the laws of the state with regard to such offenses against the state not in excess of the maximum penalty which may be imposed by municipal corporations."

"3348. To pass all ordinances, and to enforce the same by fine not exceeding one hundred dollars, or imprisonment not exceeding thirty days or both."

It will be observed that the municipal ordinance here involved is a general ordinance of the municipality providing that all offenses against the penal laws of the state of Mississippi amounting to a misdemeanor shall also be offenses against the city of Pascagoula when committed within the corporate limits. This general or "blanket" ordinance is in pursuance of and in accord with section 3410, Code of 1906, which provides that such enactment by the municipality shall be as effectual as a separate ordinance in each case, and that upon conviction the same punishment shall be imposed by the municipality as is provided by the laws of the state with regard to such offenses against the state, not in excess, however, of the maximum penalty which may be

imposed by municipal corporations under section 3348, Code of 1906.

We are of the opinion that section 2 of the municipal ordinance, which undertakes to impose a penalty which in some cases is and would be in excess of the penalty provided by the laws of the state with regard to the same offense against the state, is void and of no force. In order for the penalty to be legal and valid, it must be such as may be legally and validly imposed upon conviction of any offense named in the ordinance. Because the penalty imposed would not be in excess of that provided by the state law for the same offense in any particular case, the one here, for instance, could not cure the fatal infirmity in section 2 of the ordinance, because the court is not authorized to make separate applications of the penalty and hold that it is a valid penalty in one case and not in the other, as they may arise; but if the maximum or minimum penalty prescribed in the ordinance here is contrary to the penalty prescribed by the state laws for such offenses, then the penalizing portion of the ordinance is void and must be stricken out.

However, we find no difficulty here in upholding the ordinance making the state offenses violations against the municipality, because the ordinance is valid and may stand without section 2 imposing the void penalty. Section 2 is a useless and unnecessary provision in view of section 3410 of the Code. We think it reasonable to conclude that the municipality would have enacted section 1 of the ordinance without section 2, because section 3410 of the Code prescribes the penalty to be imposed for violations of the ordinance.

Therefore when the municipality adopted the general ordinance providing that offenses against the state should be municipal offenses, it then and there fully read into the ordinance sections 3410 and 3348, Code of 1906, which plainly provide that the "blanket" ordinance

shall serve in the place of separate ordinances for each offense; and that upon convinction by the municipality the same punishment shall be imposed by the municipality as is provided by the laws of the state upon conviction by the state. Of course, in no event could the maximum penalty exceed a fine of one hundred dollars and thirty days' imprisonment. Thus it will be seen that when a municipality takes advantage of the provision in section 3410, Code of 1906, by adopting a general ordinance on the subject of offenses against the municipality, the ordinance so adopted is self-operative, or we may say operates automatically, because the statute, section 3410, plainly provides the penalty in all cases of conviction by the municipality. Consequently, we hold that the ordinance here in question is valid, and that the penalty to be imposed upon conviction in each case by the municipality is the same penalty imposed by the state for conviction in like cases; the maximum penalty being a one hundred dollar fine and thirty days' imprisonment.

The fine of one hundred and ten dollars imposed in this case is excessive to the extent of ten dollars and for that reason we must reverse the judgment of the lower court so that the proper penalty under the law may be imposed by the court. In all other respects the judgment of the lower court is affirmed.

Reversed as to penalty; affirmed otherwise.

*Reversed.*

*Affirmed.*