Commonwealth *v.* Schaeffer, Appellant.

266

Argued October 16, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Charles H. Weidner,* and with him *John P. Boland* and *Stephens & Lee,* for appellant.—An ordinance is invalid where the amount of the fine for its violation exceeds in amount the legal limitations: Commonwealth v. Rose, 4 D. & C. 13; Commonwealth v. Wilkins, 121 Mass. 356; Cook v. City of Pascagoula, 83 So. Reporter 305.

*Luther C. Schmehl,* Assistant District Attorney, and with him *Oliver M. Wolff,* District Attorney, for appellee.—When the penalty prescribed in the ordinance is in excess of that authorized by the charter, the ordinance is not void, and the penalty may be enforced to the extent that it does not exceed the lawful limit: Cartersville v. McGinnis, 82 S. E. 487; Greenville v. Pridmore, 68 S. E. 636.

OPINION BY BALDRIGE, J., January 29, 1930:

The assignments of error raise this question for our determination. Is an ordinance void because the penalty provided therein is in excess of a limitation in a statute; or may the penalty be enforced to the extent that it does not exceed the lawful limit?

Section 8, Chapter 12, of the Borough Code of 1915, P. L. 312, provides: "No fine or penalty shall exceed one hundred dollars for any single violation of any ordinance."

The Borough of Westlawn enacted an ordinance, approved May 17, 1926, relating to the construction, regulation, maintenance, alteration, and inspecting of buildings. The 22d section provides for imposing a fine or penalty and reads as follows:

"Any person or persons, firm or corporation, violating any of the provisions of this ordinance shall upon conviction before the burgess or any justice of the peace forfeit and pay for the use of the borough the sum of not more than three hundred dollars, and the further fine of ten dollars for each day that the provisions of this ordinance are violated, each day's continuance of the violation being considered a separate offense; such fines or penalties shall be collected as like fines or penalties are now by law collected, and upon default of the payment of such fines, and for each default on each separate offense, as aforesaid, the offender shall be committed to the Berks County Jail for a period of twenty-four hours."

The defendant was found guilty of violating this ordinance and a fine of $150 was imposed by a justice of the peace. An appeal was taken to the court and the case was heard de novo. After hearing the testimony, the court adjudged the defendant guilty and imposed a fine of $25 and costs. Defendant filed a motion in arrest of judgment, which was overruled.

It is generally recognized that if an ordinance, besides imposing a fine, contains an unauthorized provision subjecting the accused to imprisonment, or to payment of costs, or to arrest, the part of the penalty which is authorized may be sustained, while the unauthorized part will be held to be void: Vinsonhaler v. Peo., 108 Pac. 993; Cooper v. Dist. of Columbia, 11 D. C. 250; Rosencrans v. Eatontown Township, 77 Atl. 88; State v. Cantieny, 34 Minn. 7; 24 N. W. 458; State v. Earnhardt, 107 N. C. 789; 12 S. E. 426; Clark v. Fitzgerald, 67 S. E. 127; Greenville v. Pridmore, 68 S. E. 636; Shill Rolling Chair Co. v. Atlantic City, 94 Atl. 314; Dillon on Municipal Corporations, 5th Edition, Vol. 2, page 986.

This principle has been extended so that "when the penalty prescribed in the ordinance is in excess of that authorized by the charter, the ordinance is not void and the penalty may be enforced to the extent that it does not exceed the lawful limit": 19 R. C. L. page 812, section 116.

City of Cartersville v. McGinnis, 142 Ga. 71; 82 S. E. 487, is cited in support of this statement in the text. In that case, the charter limited the municipality to fixing the penalty by imprisonment to 60 days for the violation of an ordinance. The ordinance placed a limit of imprisonment of 90 days. The court held that the invalid portion of the ordinance may be rejected and that the penalty was enforcible to the extent that it did not exceed the lawful limit.

All the rulings, however, are not in harmony as

there are authorities to the contrary—Commonwealth v. Rose, 4 D. & C. 13; Cook v. Pascagoula (Miss.), 83 So. Reporter 305. No decision of the appellate courts of this Commonwealth has been cited and we have been unable to find any ruling this question.

The weight of authority supports the proposition that the excessive penalty is surplusage; that the ultra vires provision does not void the entire ordinance as the unauthorized portion thereof is severable. There seems to be no fundamental difference between treating an excessive fine as surplusage in order to comply with the statute and in changing a prison term. In both instances there is a reduction of the penalty in the ordinance to conform with the statute. If the action in the one case is not the exercise of a legislative function, it ought not so to be regarded in the other.

It will be noted that under the ordinance in this case, the payment of a fine of $300 is not mandatory, but it shall "not be more than $300." The lower court recognized the statutory provisions and imposed a fine within the legal limitation and held that any sum in excess of amount provided by the statute was surplusage. Such a construction does not impair the efficiency of the legislation. It carries into effect the purposes of the ordinance and imposes no higher restrictions than contemplated, and, at the same time, no legal injury has been sustained by this defendant by being subjected to a smaller fine than the statute provided. An adoption of the construction urged by the appellant would be too technical and would defeat the very purpose of the ordinance. If the more rigid rule be applied and the penalty clause of the ordinance be declared invalid, it would practically devitalize the entire ordinance. It is our duty, instead of defeating the purpose of an ordinance and vitiating it, to resolve any doubt in regard to its construction in favor of its

validity: Johnstown v. Central District & Printing Telegraph Co., 23 Pa. Superior Ct. 381.

We have given due consideration to the able argument of the appellant and have reached the conclusion that the learned court's determination of the question involved was correct.

Judgment is affirmed.