## South Coatesville Borough v. Rudolph

*John E. Stively,* for plaintiff.

*L. K. W. Deininger,* for defendant.

KURTZ, J., April 6, 1964.—Ordinance No. 21 of the Borough of South Coatesville enacted February 5, 1923, purports to define disorderly conduct and to prescribe the penalty to be imposed upon those convicted thereof. Section 8 of that ordinance provides that it shall be unlawful for any person to commit disorderly conduct as so defined, and that any person convicted thereof before the burgess, now mayor, or any justice of the peace of the borough "shall be sentenced to pay the cost of prosecution and a fine not less than Five Dollars nor more than Fifty Dollars . . ."

Ordinance No. 32 of said borough enacted May 4, 1925, also amends Ordinance No. 21. It directs that section 8 thereof shall provide that the fine which shall be imposed shall not be less than $5 nor more than $100. Ordinance No. 21 was amended again by the enactment of Ordinance No. 151 on March 14, 1960. It amended section 8 to provide for a fine of "not less than Five Dollars ($5.00) nor more than Three Hundred Dollars ($300.00) . . ."

J. T. Rudolph was tried before a justice of the peace of the borough as one who had violated the provisions of the ordinance. After the justice had heard the testimony offered against Rudolph and had afforded him an opportunity to present testimony in his own defense, which opportunity his counsel refused, he "was adjudged guilty and fined $200.00 and $15.00 in cost, in accordance with the South Coatesville Borough Ordanance (sic) #21 section 1 and amended to Ordanance (sic) #151."

Rudolph then presented his petition to our court of common pleas praying for the issuance of a writ of certiorari. Although the petition itself is somewhat vague and difficult to understand, we directed that the writ issue. The record has now been returned by the justice as the writ commanded. Rudolph's exceptions to the record assert, (1) that the fine was excessive and illegal; and (2) that the disorderly conduct ordinance as amended providing for a maximum fine of $300 is invalid. Argument has been heard upon the exceptions. We must now dispose of them.

Although no question has been raised as to the propriety of the use of the writ of certiorari as a vehicle for the presentation of the questions thus raised, we entertain some doubt that its use in this fashion is a proper one. The leading case upon that point appears to be Commonwealth v. Benson, 94 Pa. Superior Ct. 10 (1928), in which Judge Keller, who authored the

court's opinion, used this language at page 13: "The practice relating to (1) appeals from summary convictions, and (2) their review on certiorari is well settled. If it is desired to attack only the regularity of the proceedings before the justice or alderman, this is done by writ of certiorari to the Court of *Common Pleas*, and the assignment of the alleged errors relied on; in which event the judgment of the inferior magistrate is sustained or set aside, depending upon whether the proceedings objected to are found to be legal and regular or not, and whether they sustain the conviction or not. But if an appeal is asked for, this is directed to the court of *Quarter Sessions* and, if allowed, the case is heard de novo before a judge of that court. In such case, the Court of Quarter Sessions does not sustain or reverse the judgment of the inferior magistrate—it does not review such judgment or the matters alleged as grounds for appeal—it finds the defendant either guilty or not guilty—it either convicts or acquits him. . . . The judgment on writs of *certiorari* from a summary conviction before an alderman or justice of the peace is to (1) sustain or (2) set aside the judgment; on *appeals* from such conviction the judgment is (1) guilty or (2) not guilty; (1) conviction or (2) acquittal." (Italics supplied.)

In the light of the foregoing quotation it would seem that the petitioner's exceptions do not raise a question as to the legality and regularity of the proceedings before the justice, or a question of whether or not the conviction can be sustained. Were it not for the fact that questions similar to the one now before us have been presented under both the vehicles of appeal and writ of certiorari, we would dismiss the writ of our own motion.

However, in Commonwealth v. Schaeffer, 98 Pa. Superior Ct. 265 (1930), and in Commonwealth v. Lahotsky, 70 D. & C. 583 (1949), such questions were

raised on appeal to the court of quarter sessions, while in Chester v. Elam, 408 Pa. 350 (1962), the writ of certiorari was employed. The opinions in these cases make no mention of the procedural questions involved but concern themselves only with the solution of the substantive questions so presented. In view of that apparent indifference to form and the fact that no objection has been here raised, we will also ignore the formal aspects of the case and proceed to the solution of the question which the exceptions would have us decide.

At the time ordinance no. 21 was enacted, the Act of May 16, 1921, P. L. 581, was in effect. It amended the Act of May 14, 1915, P. L. 312, which was an act providing for self-government for boroughs. It provided that boroughs shall have the power to adopt ordinances defining disorderly conduct and to provide for the imposition of penalties for their violation.

The Borough Code of May 4, 1927, P. L. 519, sec. 1202, cl. LV., as amended by the Act of July 10, 1947, P. L. 1621, sec. 40, provides that the powers of the borough shall be vested in its corporate officers who shall have the power: "To adopt ordinances defining disorderly conduct within the limits of the borough, and to provide in such ordinances for the imposition of penalties for the violation thereof. Notwithstanding like statutes pertaining to the same or similar offenses": 53 PS §46255. By the same acts under section 3108 of the former, as amended by section 91 of the latter, 53 PS §48108, it was provided that no fine or penalty shall exceed $100 for any single violation of any ordinance.

More recently, the legislature has further amended the present code by adding, after clause LV, quoted above, the following: "Clause LV. I. Disturbing the Peace; Ordinances.—To adopt ordinances defining disturbing the peace within the limits of the borough,

and to provide in such ordinances for the imposition of penalties not exceeding in amount the sum of ten dollars ($10.00) for the violation thereof notwithstanding like statutes pertaining to the same or similar offenses . . .": Act of May 31, 1961, P. L. 236, sec. 1, 53 PS §46255.1. It will be observed that the earlier statutes referred to the offense of disorderly conduct, the offense defined by the ordinance now being considered, while the later one concerns itself with disturbing the peace. Apparently the legislature regarded these matters as separate offenses. We shall so consider them.

Commonwealth v. Schaeffer, supra, page 268, stands for the proposition that "when the penalty prescribed in the ordinance is in excess of that authorized by the charter, the ordinance is not void and the penalty may be enforced to the extent that it does not exceed the lawful limit." In that case the limitation of the old Borough Code of 1915, hereinabove mentioned, was the one imposed even though the borough ordinance under which the proceedings had been instituted provided for a fine or penalty in excess of that permitted by the code. So, too, in Commonwealth v. Lahotsky, supra, the penalty imposed by the statutes defining the offense of drunkenness was held to limit the extent of the penalty which could be imposed for the same offense under the terms of a city ordinance.

The statutory limit for the penalty which may be imposed for disorderly conduct as set forth in the statute cited above is $100. The authorities which we have referred to require that we limit the penalty which may be imposed in the instant case to that amount. Accordingly, we hereby sustain the judgment of the justice of the peace in this case, modifying it, however, by the direction that the penalty imposed shall be in the amount of $100 only, plus costs.