## Clauchs *v.* Pittsburg, Appellant.

*Plumbers—Municipalities—Penalty—Action—Act of June* 7, 1901, *P. L.* 493.

An action cannot be maintained under the Act of June 7, 1901, P. L. 493, in the name of the city of Pittsburgh without its consent to recover the penalty provided by the act for conducting the business of a plumber without a license.

Argued April 24, 1906.    Appeal, No. 60, April T., 1906, by defendant, from judgment of C. P. No. 2, Allegheny Co., July T., 1905, No. 152, on appeal from justice of the peace in case of Fred Clauchs v. City of Pittsburg.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Appeal from justice of the peace.

The opinion of the court below was as follows :

The first exception to the record of the alderman is : " The alderman had no jurisdiction for the reason that the action was brought in the name of the city of Pittsburg, but without the knowledge, consent or authority of said city."    The 71st section of the act of June 7, 1901, known as the " Plumbers' Act," P. L. 493, provides that the " fine shall be recoverable before any alderman or police magistrate in said cities by summary proceeding, and shall be sued for in the name of such city."    The suit was brought before an alderman of the city, and in the name of the city of Pittsburg, but, so far as the record shows, without the knowledge, consent or authority of the city.    The case of City v. Strawbridge, 4 W. N. C. 215, is relied upon as authority that the suit cannot be maintained without the authorization or approval of the city.    The principal reason assigned for the decision in that case is that the city " may be obliged to pay large sums for costs in proceedings with which it has had no concern."    That reason cannot obtain in actions commenced in the city of Pittsburg, for the reason that the 2d section of the act of February 10, 1859, applicable to the city of Pittsburg, provides, that " the mayor, alderman

and citizens shall not be liable for the costs in any suit in which the corporation may be plaintiff unless the institution of the said suit has been authorized by the mayor, alderman and citizens of said city : " Thompson's Digest, 1. But the first section of the act of April 13, 1859, seems to me to preclude the bringing of suit in the name of the city without its consent. That act provides : " No suit shall be brought by any city officer in the name of the city without notice in writing or in person to the regular city solicitor : " Thompson's Digest, page 1. Impliedly, then, suits in the name of the city are to be instituted by some one of its officers, but even its officers cannot institute suit without due notice to the city solicitor. It would seem, therefore, that suit may be entered relying on the city's approval of the suit after it has been entered, but notice is required to be given to the city solicitor before the suit is instituted. Reading the second section of the act of February 10, 1859, which prevents the city from liability for costs unless the suit is authorized, and the first section of the act of April 13, 1859, which prevents the institution of suit by any city officer without notice to the city solicitor, we have the whole subject covered, and a complete and ready means provided for the institution of suits in the name of the city; first, the authorization by the corporation, and second, the proper notice to the chief law officer of the said city.

I am, therefore, of the opinion that the first exception must be sustained. While this disposes of the entire case, and makes it unnecessary to consider the other exceptions, it is proper to remark that my present opinion is that the Plumbers' Act of 1901, P. L. 493, does apply to journeymen plumbers and all other persons carrying on or working at the business of plumbing, etc., and that the obtaining of a license by a firm or corporation upon the examination of one member thereof, or of its superintendent, permits such firm or corporation to engage in the business of plumbing, but does not permit any person to do the work of a plumber unless such person is licensed. I do not think any unlicensed person can do the manual and mechanical work required, though an unlicensed person may be a member of a firm or corporation carrying on the business. The purpose of the act seems to me to be to secure better sanitary conditions in the city by seeing that the important work of

plumbing, upon which depends so largely the healthful conditions of the buildings and houses of the city and thereby the health of the occupants of those buildings and houses, shall only be done by skillful and approved mechanics, and therefore it provides that at least one member of the firm or corporation shall be licensed, permitting others not licensed to be interested in the business, but requiring that every person doing the manual or mechanical work of the business shall be examined and licensed, thus securing skilled labor in the most important part of the business. This purpose would be defeated if one skillful mechanic could take under the protection of his license any number of unskilled persons to do the most important part of the work. Having sustained the first exception, the judgment of the alderman must be reversed, and restitution awarded of the fine and costs.

And now, May 16, 1905, the first exception is sustained, the judgment reversed and restitution of the fine and costs awarded to the plaintiff in error.

*Error assigned* was the judgment of the court.

*John Marron*, of *Marron & McGirr*, for appellant.

*William H. McClung*, with him *William A. Jordon*, for appellee.

PER CURIAM, June 30, 1906:

The questions raised in the court below by the third, fourth and fifth exceptions to the alderman's record were not argued before us, and as we conclude the court was right in reversing the judgment of the alderman upon the first exception, those questions will not be considered. Little, if anything, can be added profitably to the opinion filed by the court upon the construction of the two acts of 1859; the conclusion is irresistible that they confer no right upon any person to make the city plaintiff in an action, who would not have had the right before their enactment and independently of them.

True, the act of 1901 does not expressly declare that an action in the name of the city may not be brought by any person, without the city's consent. But neither does it declare that

this may be done; and, bearing in mind that no part of the penalty goes to the informer, and that the act is a definition and regulation of the police power " on a subject which is one of municipal concern," Beltz v. Pittsburg, 211 Pa. 561, we think it clear that the right claimed cannot be implied from any of its provisions. Such express provision and ground for clear implication both being absent from the statutes called to our attention, and the city through its proper officer having neither authorized the bringing of the suit nor assented to the continuation of it after it was brought, the court was right in sustaining the exception.

Judgment affirmed.