## Commonwealth v. Nichols, Appellant.

*Fish law—Summary conviction—Justice of the peace—Certiorari—Act of May 29, 1901, P. L. 302.*

A conviction before a justice of the peace for violating sec. 11 of the Fish Law of May 29, 1901, P. L. 302, will be sustained where the information sufficiently charges a violation of the section, although the act and the section are not specifically referred to in the information.

Submitted Nov. 18, 1908. Appeal, No. 209, Oct. T., 1908, by defendant, from judgment of C. P. Bradford Co., Dec. T., 1908, No. 11, sustaining judgment of justice of the peace in case of Commonwealth v. Perley H. Nichols. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Appeal from judgment of justice of the peace.

FANNING, P. J., filed the following opinion:

It was charged in the complaint that the defendant "did unlawfully and maliciously take and catch from the waters of the Susquehanna river, by means of an outline, a quantity of game fish, to wit: Five wall-eyed pike, the said game fish being then and there caught on the said outline and not returned to the said waters by said Perley Nichols, according to law contrary to the Act of Assembly in such case made and provided." The defendant was found guilty of the offense charged in the information and a fine of $25.00 was imposed, "to be distributed as Section 36 of the Act of General Assembly of the Commonwealth of Pennsylvania of May 29, 1901, provides," together with the costs of suit.

Defendant's exceptions are as follows:

1. The complaint is unlawful and insufficient, not setting forth any acts in violation of any specific act or acts of assembly.

2. The evidence in the case is insufficient upon which to found a conviction.

3. The justice failed to find any specific act or acts committed by the defendant in violation of any specific section of any act or of any specific act of assembly.

4. The record shows that the defendant was sentenced to forfeit and pay the sum of $25.00, for some offense, presumably fishing with an illegal device, and there is no evidence whatever to found any such conviction upon.

5. Because said conviction was unlawful and irregular as appears by the said record, and, besides, the justice in the said case was partial and has failed to return only a small portion of the testimony taken in said case.

The defendant further states that the justice has failed to return with his transcript a full record of the evidence and proceedings in said case.

The first, third and fourth exceptions may be considered together. Section 11 of the Act of May 29, 1901, P. L. 302, permits, under certain conditions, the catching of eels, catfish, carp and suckers upon outlines. The complaint was evidently drawn, as contended at the argument, for violation of that portion of said section which reads as follows: "Any fish, other than those named in this section, when caught upon such lines, shall immediately be removed therefrom and set free in the waters from which it was taken." It is objected that no specific section of any act of assembly is referred to as having been violated. "It is essential that a summary conviction shall contain a finding that a special act has been performed by the defendant; that it shall describe it in such a way as to individuate it, and show that it falls within an unlawful class of acts:" Com. v. Nesbit, 34 Pa. 398.

It is the better and safer practice in proceedings of this nature to refer in the complaint to the particular act alleged to have been violated. We cannot, however, say that the omission in this case is fatal. Here a specific charge is made and circumstances given. The act of the defendant, a single offense, is fully described in the complaint, and if committed, as was found by the magistrate, clearly offended against the act of assembly to which reference has been made.

It was held in Com. v. Burkhart, 23 Pa. 521, "That when the charge in the complaint and summons is so specific as to give the defendant fair notice of the substance, time and place of the offense charged . . . . it ought to be regarded as sufficient. And where the defendant appears and goes to trial without any objection to the complaint and summons on account of indefiniteness, such a defect ought to be considered and cured." Defendant was represented by counsel and the case evidently closely contested.

A violation of the provision of the section quoted, subjects the offender to a fine of $25.00, which, under the finding, was lawfully imposed, "to be distributed as Section 36 of the Act

of General Assembly of the Commonwealth of Pennsylvania of May 29, 1901, provides."

The fifth exception avers, inter alia, that, "The justice failed to return only a small portion of testimony." The record shows that the witnesses both for the commonwealth and defendant were duly sworn, and purports to give their testimony, or at least, the substance of it. The evidence on the part of the commonwealth, if believed, was sufficient to warrant the conclusion reached. There was a conflict of testimony, and the question of facts was for the determination of the magistrate, who decided adversely to the defendant. We are of the opinion that the record taken as a whole is self-sustaining.

And now, March 23, 1907, the exceptions are dismissed.

After reargument:

Following the decision of this case by the court, it was urged that the prosecutor under his own statement was a particeps criminis; that his testimony is uncorroborated and, therefore, insufficient to warrant a conviction. This could perhaps properly be considered under the second exception. Counsel representing the respective parties agreed that this question might be considered and came before the court October 14, 1907.

And now, October 25, 1907, after hearing arguments upon the questions involved, we adhere to the conclusion heretofore reached and the exceptions are dismissed.

*Error assigned* was the judgment of the court dismissing the exceptions.

*Lilley & Wilson,* for appellant, cited: Com. v. Nesbit, 34 Pa. 398; Carlisle v. Baker, 1 Yeates, 471; Hester v. Com., 85 Pa. 139.

*L. T. Hoyt,* for appellee, filed no printed brief.

PER CURIAM, February 26, 1909:

We agree with the learned judge below that, although the information did not specify the act and the section thereof al-

leged to have been violated, it sufficiently charged a violation of that clause of the eleventh section, the Act of May 29, 1901, P. L. 302, which reads: "Any fish, other than those named in this section, when caught upon such lines" (outlines) "shall immediately be removed therefrom and set free in the waters from which it was taken." This being so, and the record of the justice showing that he adjudged the defendant to be guilty of the offense charged against him in the information, the defendant has no cause to complain because he was adjudged to pay the fine of $25.00, prescribed by the eleventh section. And this is true, although it be conceded for argument's sake that upon the same information and proofs he might have been subjected to a fine of $10.00 for each fish, $50.00 in the aggregate, under sec. 20. See 12 Cyclopedia of Law and Procedure, 783, 934, IV. The doctrine of Carlisle v. Baker, 1 Yeates, 471, does not apply to such a case, and the decision in Lowrie v. Verner, 3 Watts, 317, is still more plainly inapplicable. For further discussion of the exceptions we refer to the opinion of the learned judge below.

We are not willing to commit ourselves to the proposition that an order upon certiorari to a justice of the peace, merely overruling exceptions to his record, is a final judgment from which an appeal can be taken. But as counsel on both sides, by their agreement printed in the appellant's paper-book, evidently intend that it shall be treated as such, we will not subject them to further expense and delay in the disposition of the case.

The order of the court and the judgment of the justice of the peace are affirmed at the costs of the appellant, and the record is remitted to the court below to the end that the judgment be carried into effect.