### City of Harrisburg v. Williams.

*Justice of the peace—Jurisdiction—Summary conviction—Plumbing Code of June 7, 1901, as amended by Act of May 14, 1909.*

An alderman, police magistrate or justice of the peace has no jurisdiction to impose a fine or penalty for a violation of the "Plumbing Code" of June 7, 1901, P. L. 493, as amended by the Act of May 14, 1909, P. L. 840, where it is not shown that the city, through its proper officers, had authorized the bringing of the suit or assented to it.

Appeal from summary conviction. C. P. Dauphin Co., March T., 1924, No. 646.

*William K. Meyers,* for prosecutor; *Earnest & Milnor,* for defendant.

Fox, J., Nov. 3, 1924.—This matter comes before us upon an appeal from the judgment rendered by C. E. Welsh, Alderman of the 14th Ward of the City of Harrisburg, in a summary conviction.

The pertinent facts as shown by the record are that information was made by George A. Zink, constable of the said ward, that, upon information received, he believed that the defendant had installed plumbing work at No. 3225 North Second Street in violation of sections 13, 14 and 22 of the Plumbing Code; that, after hearing, a fine of $10 for each violation (three), with costs of $10.50, was imposed by the alderman upon the defendant, making a total of $40.55. The record further shows that the plumbing mentioned in the case had been done by the defendant for the prosecutor in his individual capacity and not in his official capacity.

City of Harrisburg v. Williams.

The "Plumbing Code" is the Act of June 7, 1901, P. L. 493, as amended by the Act of May 14, 1909, P. L. 840, which provides as follows: "All fines and penalties imposed by this act shall be recoverable, by summary proceedings, before any alderman, police magistrate, or justice of the peace in said cities; and all suits or actions at law instituted for the recovery thereof shall be in the name and for the use of the city within or against which offence is committed; and upon recovery thereof, all such fines and penalties shall be paid to the city treasurer thereof. In default of the payment of any fine or penalty imposed by any alderman, police magistrate, or justice of the peace, under the provisions of this act, the person or persons so offending may be committed to the jail, workhouse, or other penal institution of the county in which said city is situated, for a period not exceeding thirty days."

It is not disclosed in the record or the testimony taken and filed that the action was commenced with the consent or knowledge of the City of Harrisburg to recover the penalty. This, we think, is fatal and the conviction cannot stand. This was settled in the case of Clauchs v. Pittsburgh, 31 Pa. Superior Ct. 331. The court, in a *per curiam*, delivered the following opinion: "The questions raised in the court below by the third, fourth and fifth exceptions to the alderman's record were not argued before us, and as we conclude the court was right in reversing the judgment of the alderman upon the first exception, those questions will not be considered. Little, if anything, can be added profitably to the opinion filed by the court upon the construction of the two Acts of 1859; the conclusion is irresistible that they confer no right upon any person to make the city plaintiff in an action who should not have had the right before their enactment and independently of them.

"True, the Act of 1901 does not expressly declare that an action in the name of the city may not be brought by any person without the city's consent. But neither does it declare that this may be done; and bearing in mind that no part of the penalty goes to the informer, and that the act is a definition and regulation of the police power 'on a subject which is one of municipal concern' (Beltz v. Pittsburgh, 211 Pa. 561), we think it clear that the right claimed cannot be implied from any of its provisions. Such express provisions and ground for clear implication both being absent from the statutes called to our attention, and the city, through its proper officer, having neither authorized the bringing of the suit nor assented to the continuation of it after it was brought, the court was right in sustaining the exception."

At the time of the hearing objection was made by the defendant that the alderman was without jurisdiction, because it was not shown that the city, through its proper officers, had authorized the bringing of the suit nor assented to it. This objection was not sustained by the alderman, as it should have been, but was overruled, and the defendant convicted. Upon prayer of the defendant, an appeal was allowed, and we shall treat the petition as an exception to the alderman's ruling upon this point.

Wherefore, we are of the opinion that the action could not be brought as it was in the name of the City of Harrisburg, as it was without its consent and authority to recover the penalty, and, in the absence of such consent or authority, the conviction cannot be sustained.

And now, Nov. 3, 1924, upon due consideration, it is hereby ordered, adjudged and decreed that the exception be sustained and the conviction be reversed and that the penalty and costs be remitted.

From Sidney E. Friedman, Harrisburg, Pa.