## Commonwealth v. Duffy.

*Plumbing—Registration as plumbers—Disconnecting and connecting hot water-pipes—Acts of June 7, 1901, May 14, 1909, and June 12, 1913.*

1. The Act of June 7, 1901, P. L. 493, as amended by the Act of May 14, 1909, P. L. 840, and the Act of June 12, 1913, P. L. 476, is a sanitary regulation passed to protect the health of the people. It provides a penalty for its violation, but it is not to be construed strictly on that account. The remedial portion of such a statute is to be liberally construed to carry out the legislative intent

2. In the Act of June 7, 1901, P. L. 493, as amended by the Act of May 14, 1909, P. L. 840, the legislature used the word "plumbing" in its popular sense.

3. On Feb. 25, 1925, the defendant, who was not a licensed and registered plumber, was engaged in changing the hot water boiler in a house in a city of the third class from the kitchen of said house to the cellar. The change involved the disconnection of the hot water-pipes from the hot water boiler in the kitchen and the connection of said pipes again so as not to interrupt the flow, and the connection of the boiler to the hot water-pipe in the cellar. In doing the work defendant was acting for himself and was not in the employ or under the supervision of any registered master plumber. The defendant did not alter, repair or make any connection with any drain, soil, waste or vent-pipe or any pipe connected therewith. Defendant was convicted before an alderman of the city for violation of the Act of June 7, 1901, P. L. 493. On appeal, the judgment of the alderman was sustained.

Appeal from summary conviction. Q. S. Dauphin Co., Jan. Sess., 1925, No. 257.

*John R. Geyer,* for plaintiff; *Carl B. Shelley,* for defendant.

HARGEST, P. J., Nov. 4, 1925.—The defendant, Raymond E. Duffy, was summarily convicted before S. Brady Caveny, an alderman of the City of Harrisburg, for the violation of section 1 of the Act of June 7, 1901, P. L. 493, as amended by the Act of May 14, 1909, P. L. 840, and section 2 of the Act of 1901, as amended by the Act of June 12, 1913, P. L. 476. He thereupon prosecuted this appeal. Section 1 of the Act of 1909 provides, in part, as follows: "That . . . it shall not be lawful for any person to carry on or work at the business of plumbing or house drainage in cities of the second

and third class of this Commonwealth until a certificate or license to engage in or work at said business shall have been granted, . . . nor until they have been registered as such. . . ."

Section 2, as amended by the Act of 1913, provides, *inter alia:* "No person other than a registered master plumber shall be allowed to carry on or engage in the business . . . unless he or they have first secured a license or certificate and been registered; . . . nor shall any person or persons other than a master plumber—or persons in his or their employ or under his or their supervision—be allowed to alter, repair, or make any connection with, any drain-pipe, soil, waste or vent-pipe or any pipe connected therewith."

### Findings of fact.

1. The City of Harrisburg is a city of the third class.

2. The defendant, Raymond E. Duffy, was not, on Feb. 25, 1925, a licensed and registered plumber in the City of Harrisburg.

3. On Feb. 25, 1925, the defendant, Raymond E. Duffy, was engaged in changing the hot water boiler in the house No. 1402 Vernon Street, in said City of Harrisburg, from the kitchen of said house to the cellar, which involved the disconnection of the hot water-pipes from the hot water boiler in the kitchen, and the connection of said pipes again so as not to interrupt the flow, and the connection of said boiler to the hot water-pipe in the cellar.

4. In doing said work the defendant was acting for himself and was not in the employ or under the supervision of any registered master plumber.

5. The defendant did not alter, repair, or make any connection with, any drain, soil, waste or vent-pipe or any pipe connected therewith.

### Discussion.

The Commonwealth contends that this act of assembly prohibits not only the installation or alteration of house drainage by persons who are unlicensed, but also prohibits the doing of any kind of plumbing by unlicensed persons. The defendant contends that the statute is a sanitary regulation, and, being a criminal statute, must be construed strictly to apply only to that kind of plumbing which is connected with house drainage.

The original Act of June 7, 1901, P. L. 493, provides for the examination, licensure and registration of persons "engaged or engaging in the business or work of plumbing or house drainage." This language is in the disjunctive and requires persons engaging either in plumbing or house drainage work to obtain a license. The statute, as last amended by the Act of 1913, requires all persons "engaged or engaging in the business or work of plumbing and house drainage" to apply for a license and to secure registration; and it further provides that any persons "engaged or engaging in the business of plumbing or house drainage shall pay for each examination the sum of five dollars." It prohibits any person from exposing the sign of plumbing or house drainage, or any advertisement pertaining thereto, "unless he has first secured a license," and provides that no person other than a master plumber or person in his employ shall be allowed to alter, repair, or make any connection with, any drain, soil, waste or vent-pipe or any pipe connected therewith." The courts have held that even the master plumbers must employ licensed plumbers to do the work: Clauchs v. Pittsburgh, 14 Dist. R. 571, 31 Pa. Superior Ct. 331; Beltz v. Pittsburgh, 26 Pa. Superior Ct. 66, 211 Pa. 561. This is a sanitary regulation passed to protect the health of the people. While it provides a penalty for its violation, it is not to be construed strictly on that account. The remedial portion of such a statute is to be liberally

construed to carry out the legislative intent: Com. v. Shaleen, 215 Pa. 595. This act, therefore, is not limited in its scope to such plumbing only as is connected with house drainage, but includes plumbing generally.

We think there is no doubt that the defendant was engaged in plumbing. While the trade of a plumber and the business of plumbing originally referred to working with lead and lead pipes, the popular acceptation of that term does not now so confine it. The Standard Dictionary defines "plumbing" as: "The art or trade of putting into buildings the tanks, pipes, traps, fittings and fixtures (formerly made almost exclusively of lead) for conveying water, gas and sewage; . . . the pipe system for conveying water, gas and sewage, etc., in a building; . . . the putting in and repairing of water, gas and sewerage systems in buildings." Webster defines a "plumber" as "a tradesman who furnishes, fits and repairs gas, water and soil-pipes, cisterns, tanks, baths, water-closets and their fittings and other sanitary and fire protection apparatus for a house and other buildings, including the junctions to the mains and sewers." Undoubtedly the legislature used the word "plumbing" in its popular sense. The defendant was not engaged in steamfitting. He was engaged in plumbing.

## Conclusions of law.

We, therefore, conclude:

1. That the Act of June 7, 1901, P. L. 493, as amended by the Act of May 14, 1909, P. L. 840, and the Act of June 12, 1913, P. L. 476, requires that one who is engaged in plumbing generally shall obtain a license and be registered.

2. That no other than a registered plumber or a licensed plumber in his employ shall be allowed to alter, repair or make any connection with any drain, soil, waste or vent-pipe or any pipe connected therewith.

3. That the defendant violated the said act of assembly.

And now, Nov. 4, 1925, it is hereby ordered and adjudged that the judgment of the alderman be sustained and the defendant is hereby found guilty and sentenced to pay the fine of $40 and costs, or, in default, be committed to the jail of Dauphin County for the period of thirty days.

From Homer L. Kreider, Harrisburg, Pa.