## Commonwealth ex rel. v. Kinsey

*Karl D. Enzian* and *Rahauser, Van der Voort, Royston & Robb,* for plaintiff.

*Kenneth E. Rennekamp* and *A. A. Bluestone,* for defendant.

MONTGOMERY, J., February 14, 1947.—Defendant, Alfred G. Kinsey, was arrested on a warrant issued by a Justice of the Peace of Kennedy Township for the violation of one of the township's ordinances. He appeared at the hearing, filed a motion to dismiss the action, which was overruled, entered a plea of not guilty, was assessed a fine of $5 and costs, and thereupon petitioned this court for the allowance of an appeal, which was granted. We now have before us his motion, "to quash the information" because the justice of the peace lacked jurisdiction to entertain it. He assigns as his reasons: (1) The ordinance upon which the information was based is invalid and void; (2) the information does not specifically refer to a section of the ordinance alleged to have been violated; (3) the information fails to show the authority of the prosecutor to make it; and (4) the information fails to specifically show the jurisdiction of the justice of the peace on the face of it.

At the outset, it would be well to keep in mind that this proceeding is not a summary conviction proceeding, but a civil action to recover a penalty prescribed

in an ordinance. Even though such a proceeding may be commenced by information and warrant, as has been done in this case, this does not make it a criminal proceeding. It is therefore covered by the Rules of Civil Procedure, 12 Standard Pa. Practice, 392 §11, and cases therein cited, particularly Borough of Steelton v. Rashinsky, 33 Dauphin 227. Also Bachman v. Messina, 45 D. & C. 47. Such suits should be commenced in the name of the local municipality whose ordinance is violated and not in the name of the Commonwealth, as is the practice in criminal proceedings: Commonwealth v. Peaco et al., 19 Dist. R. 880; Commonwealth v. Maurer, 22 Montg. 33. It is recognized, however, that many such proceedings are commenced in the name of the Commonwealth and even reach our appellate courts without question, a particularly striking example of which is found in Commonwealth v. Schaeffer, 98 Pa. Superior Ct. 265. See also Commonwealth v. Heiner, 87 Pitts. 542, and Commonwealth v. Palenik, 88 Pitts. 386. However, we do not believe this to be fatal and particularly so in this case since the local municipality was named as use plaintiff. An amendment dropping the name of the legal plaintiff and proceeding in the name of the use plaintiff alone as legal plaintiff is authorized under the Act of May 4, 1852, P. L. 574, sec. 2, 12 PS §533, since no statute of limitations would be violated in doing so. Such amendments have been sanctioned: Adams v. Commonwealth, 1 Woodward 417; Commonwealth v. Ryan, 2 Lanc. 24; Reid v. Wood, 102 Pa. 312. Although Commonwealth ex rel. McClune v. Kelly, 47 Pa. C. C. 565, seems to be to the contrary, in that case the local municipality was not named even as use plaintiff, and since this court is not bound by that decision, I am inclined to follow the ones previously cited. Further, in that case the record alone was under review on a certiorari, whereas the proceedings in the present case are de novo upon an appeal.

Defendant's objection to the information failing to show the authority of the informant to make it is likewise not fatal. In City of Philadelphia v. Strawbridge, 12 Phila. 482, relied on by defendant, the court, after stating that suit for the violation of an ordinance could not be prosecuted by an individual, continued:

"The city may undoubtedly assent to what has been done by another in its name. . . . Therefore, if such a suit has been begun by a private citizen in the name of the city, and the city will adopt the act and authorize the continuation of the suit, it is the same as if it had originally authorized it."

In Clauchs v. Pittsburgh, 31 Pa. Superior Ct. 331, the court said (p. 334):

". . . and the city through its proper officer having neither authorized the bringing of the suit *nor assented* to the continuation of it after it was brought, the court was right in sustaining the exception." (Italics supplied.)

It is also noted that the informant is described as Building Inspector of Kennedy Township in the present case and an examination of the ordinance, a copy of which was submitted by both counsel for plaintiff, as well as for defendant, authorized the enforcement of the ordinance by the building inspector. It is true that there is no provision in the law relating to second class townships for the creation of the office of building inspector. However, the authority of the township to regulate building and zoning would carry with it the implied authority to appoint someone in that capacity. This is similar to the situation found in McCormick v. Hanover Township, 246 Pa. 169, wherein it is stated: "Because townships may sue and be sued we have repeatedly held that it is within their implied power to employ counsel." Even though the ordinance should be considered insufficient to authorize the entry of this suit by any one other than the township supervisors it is not too late for the supervisors to approve the

action taken in their behalf and they will be given an opportunity to file a stipulation for that purpose.

Defendant also objects that the information fails to especially describe what section of the ordinance in question was violated. There is little dispute with defendant's statement that in actions of this nature as in strict summary conviction proceedings the complaint or information should contain a specific and substantial statement of the complaint, including a sufficient designation of the statute or ordinance violated, and we are aware of the cases cited by defendant pertaining to violations of The Vehicle Code, which require a statement of the particular section alleged to have been violated, since the code contains many sections subject to violation. However, in the present case there is only one section of the ordinance which forbids the act complained of and that section is article 3, sec. 1, which provides, inter alia, "except as otherwise provided herein, no building shall hereafter be erected, altered or used for any purpose than as permitted in the use-district in which said building or structure or land is located." The title of the ordinance, and the date of its passage are set forth in the information and the facts relied upon as a violation thereof are also stated in the following words:

"At Kennedy Township in the County of Allegheny, on the 24th day of February, 1936, defendant Alfred G. Kinsey did operate and conduct in a garage building on Fairview Avenue in the Township of Kennedy, a grocery business known as the Village General Store, in an area in which the use of land and buildings for such purposes is prohibited by the terms of the zoning ordinance aforesaid . . ."

I believe this fully and adequately appraised defendant of the charge made against him so that he had ample opportunity to prepare for his defense to same; and although it is better and safer practice to refer in the complaint to the particular act and section al-

leged to have been violated it cannot be said that the failure to do so is fatal in every case: Commonwealth v. Nichols, 38 Pa. Superior Ct. 504; Commonwealth v. Scott-Powell Dairies, 128 Pa. Superior Ct. 598.

Defendant's strongest argument is directed to the validity of the ordinance itself which he contends is unauthorized by law and illegal. The ordinance was the first passed by Kennedy Township and appears to have been adopted pursuant to the authority contained in the Act of July 1, 1937, P. L. 2624, 53 PS §19093-2201. Council for the township cites also another Act of April 14, 1937, P. L. 313, as authority for the ordinance in question, but the court believes such act is not sufficient for that purpose. It would appear to be authority for building code ordinances to regulate the erection, repair and maintenance of structures rather than their location, use-purpose, etc., as would come under the head of zoning.

Although the Act of 1937, does not provide for the imposition of a penalty, however in section 4 it does give to the township supervisors the power to provide, by ordinance, the manner in which the regulations and restrictions shall be established *and enforced;* and section 8 provides that in case of violations, the local authorities, in addition to other remedies, may institute appropriate action to prevent same. The ordinance itself imposes a fine not exceeding $100 upon conviction before an alderman or justice of the peace or, in default of payment, imprisonment in jail for not more than 30 days. Defendant questions the validity of the ordinance, first, because there is no authority in law generally for supervisors of second class townships to pass ordinances and points out that such right was not given until passage of the Act of April 27 1945, P. L. 319, par. 1 53 PS §19093-702-XXV. The effective date of this act was April 27, 1945, which was prior to the date of the offense with which defendant is charged. Until 1945 no procedure was ever outlined

for second-class townships to follow in adopting ordinances and it is not disputed that townships, being involuntary subdivisions of the State, have no implied powers as general municipal corporations have, but may act only through powers that have been conferred on them by the legislature or by virtue of a necessary implication of power associated with a given function. The exercise of a power, especially by a second-class township, must be in conformity with the method provided and within the limitations defined: First National Bank of Monongahela City v. Carroll Township, 150 Pa. Superior Ct. 241.

There is, in the Act of 1937, an express grant to second class townships of the power to regulate *by ordinance* but without an outline of the mechanics to pass such an ordinance and without express authority to impose a penalty for violations. Originally the powers of townships, both of the first and second class, related to matters of state as distinguished from local concern and the legislature imposed the penalties. This is still true in many instances; but gradually the legislature has broadened the powers of the officers of such subdivisions so that now, particularly in townships of the first class, the powers over local matters are almost as broad and extensive as incorporated boroughs. Such extension of power has not been so rapid in second class townships, although The Second Class Township Law of May 1, 1933, P. L. 103, places in the hands of their officers additional powers over local affairs, but the penalties in connection with these new powers are fixed by the law. The two Acts of 1937, P. L. 313 and P. L. 2624, also extended the right to regulate local affairs by ordinances and in the former, express authority is given to impose penalties. Such express authority is not present in the latter, nor is there present in either, the authorization to provide for imprisonment upon failure to pay a fine imposed. However, I am of the opinion that the express authority

of the act involved here to second class townships to regulate zoning by ordinance was sufficient authority to pass the ordinance even though the mechanics of doing so were not outlined therein. In 2 McQuillin Municipal Corporations (2nd Ed.) 749, §709, the law is stated thusly:

"If the law is silent as to the mode of procedure no particular formality in the enactment of an ordinance need be adopted. 'In the absence of other requirements it is only necessary that there be sufficient proof of the will of the governing body.' In such case, the enacting body may choose its own method."

In Hoopes v. Cheltenham Township, 39 Montg. 35, the court held that there is no requirement of law that ordinances of township of the first class shall have three readings, nor that notice of such ordinances shall be given before acted upon. It is also noted that the original act distinguishing townships of the first and second class and which first authorized townships of the first class to pass ordinances made only one provision necessary in making ordinances effective, section 8 of the Act of April 28, 1899, P. L. 104: "All such ordinances shall be published at least twice in a newspaper . . ." I note that the township's right to pass an ordinance under authority of the same act with which we are concerned was not questioned in a case reaching our Supreme Court: Devereux Foundation, Inc., Zoning Case, 351 Pa. 478.

Although the enabling act granted no specific right to impose a penalty for the violation of an ordinance passed pursuant thereto, the general authority to enforce the ordinance contained in the act was sufficient: 2 McQuillin Municipal Corporation 838, §747, states: . . . " 'since an ordinance without a penalty would be nugatory,' the general doctrine uniformly prevails that a municipal corporation which has power to pass the ordinance has, as a necessary incident thereto, implied power to provide for its enforcement

by appropriate and reasonable fines against those who break it."

See also Fisher v. Harrisburg, 2 Grant 291, Barter v. Commonwealth, 3 P. & W. 253, and Grisbord et al. v. Philadelphia et al., 148 Pa. Superior Ct. 91, 96, stating: ". . . since the act gave the city the right to enact an ordinance not inconsistent therewith, by necessary implication the municipality was given the power to enforce its ordinance."

Although the ordinance contains the provision for imprisonment in default of payment of any fine imposed thereunder, I find no authority in the law granting to townships of the second class the right to provide for such imprisonment and it is generally held that unless the power is expressly conferred, a municipal corporation cannot inflict the penalty by imprisonment either in the first instance or for nonpayment of a fine duly imposed for violation of its ordinances: 2 McQuillin Municipal Corporations §752. Nor does the Act of 1945, hereinbefore mentioned, include such authority, although it does include authority for proceedings for the collection of fines and penalties to be commenced by either warrant or summons. Prescribing imprisonment would be ultra vires, but would not nullify the whole ordinance: Commonwealth v. Schaeffer, 98 Pa. Superior Ct. 265. However, the justice of the peace has not imposed any sentence of imprisonment but has imposed only a fine so, therefore, this court is not called upon to determine the effect of such a penalty being imposed. In this connection, the final question to be answered is whether the action was properly instituted by information and warrant which procedure, as we have noted, was not authorized by law until after the adoption of the ordinance. Although prior to the passage of the Act of 1945, second class townships had no right to enforce their ordinance by means of information and warrant as prescribed by the ordinance, the act did provide this new means of enforce-

ment. Enforcement under this new procedural means in no way affected the rights of defendent since his alleged violation did not occur until thereafter. The act was in no way retroactive, insofar as defendant was concerned, and even though retroactive, since it is procedural, this objection would not apply: Farmers National Bank and Trust Company of Reading v. Berks County Real Estate Co. et al., 333 Pa. 390. I, therefore, see no reason why the procedure provided for in it was not available to plaintiff in this case.

The information, generally, shows jurisdiction in the justice of the peace and his authority for entertaining such suits is to be found in the Act of April 15, 1835, P. L. 291, sec. 7, 42 PS §291.

I, therefore, conclude that the justice of the peace had jurisdiction in this matter and that unless the Township of Kennedy refuses to amend these proceedings by the elimination of the Commonwealth of Pennsylvania as legal plaintiff and the substitution of itself as legal plaintiff instead of as use-plaintiff, and to file a stipulation approving the action of the building inspector in entering this suit, the motion to quash the information filed by defendant must be refused.

### Order of court

And now, to wit, February 14, 1947, the foregoing matter having come before the court, after oral argument and consideration of briefs, it is hereby ordered that the Township of Kennedy be allowed 15 days to amend these proceedings in accordance with the foregoing opinion and to file the stipulation referred to therein; and upon the filing of said amendment and stipulation, the motion to quash the information will be refused. Otherwise, the motion will be granted, the decision of the justice of the peace reversed, and the proceedings dismissed at the cost of informant, Charles W. Bucher.