McKeesport *v.* Salis, Appellant.

Argued April 10, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Hymen Schlesinger,* with him *M. Y. Steinberg* and *William L. Patterson,* for appellant.

*William Moldovan,* City Solicitor, with him *Harry H. Meizlik,* for appellee.

*Samuel J. Goldstein,* for American Civil Liberties Union, amicus curiae.

PER CURIAM, July 20, 1950:

The defendant was charged with the violation of section 2 of ordinance No. 1549, series of 1943,[1] of the

---

[1] "Section 2. No person or persons shall distribute or pass any pamphlet, hand-bill, notice, etc. of a commercial or business-advertising nature in and throughout the City of McKeesport without first having registered with the Mayor of the City his or their intention so to do. Said registration shall be made in writing and permit will then issue." This is section 2 of ordinance No. 1549, as amended and effective February 26, 1943.

City of McKeesport in that he failed to secure the necessary permit; he was arrested on September 20, 1949; after hearing before a magistrate, he was convicted of the offense charged against him; and he was sentenced to pay a fine of $50 and costs, and in default of payment to be committed to the Allegheny County Jail for the space of thirty days.

Defendant thereupon presented a petition to the County Court of Allegheny County praying for the allowance of an appeal from the judgment of the magistrate; the appeal was allowed by the court. The court, after hearing, found the defendant guilty of violating section 1 [2] of ordinance No. 1549 of the City of McKeesport, effective March 18, 1940, and sentenced him to pay a fine of $50 and the costs, and in default thereof to stand committed to the Allegheny County Jail for the period of thirty days.[3]

---

[2] "Section 1. Be it ordained and enacted by the City of McKeesport, in Council assembled, and it is hereby ordained and enacted by the authority of the same, That from and after the passage of this Ordinance, no person or persons shall pass, distribute, give away or sell any pamphlet, hand-bill, notice, proclamation, tract and/or literature of similar nature in public buildings and/or upon the streets, highways and thoroughfares of the City of McKeesport (a) by throwing the aforementioned literature, etc., broadcast upon and about said public buildings and/or streets, highways and thoroughfares of said City; (b) by forcing the aforementioned literature, etc., upon any pedestrian or person standing about in such named places, nor shall the distributor of such literature, etc., violate any of the traffic regulations of the said City in order to maintain his or her position in the street to the stoppage of traffic; (c) nor shall any person or persons in distributing literature aforementioned form any cordon across a street or highway and/or any chain or group on the public highways; (d) nor shall any person so distributing such literature stop any pedestrian or attempt to interfere with his passage in the street or highway, or in any way annoy or interfere with a pedestrian or any other person who does not accept any literature, etc., so tendered."

[3] "Section 4. Any person or persons convicted of violating any of the provisions of this Ordinance, shall upon conviction thereof, be

It was not within the province of the court to convict defendant of an offense different from that charged before the magistrate. " 'When the appeal has been allowed, the charge or cause of action remains the same, but the proceedings to determine the guilt or innocence of the defendant are de novo' ": *Manorville v. Flenner,* 84 Pa. Superior Ct. 246, 249. See *Cole v. Arkansas,* 333 U. S. 196, 92 L. Ed. 644.

Defendant, having been charged and convicted by the magistrate of the violation of section 2 of the ordinance, could not on appeal be convicted by the court of the violation of section 1 of the ordinance. There was no proof that defendant had violated section 2 of ordinance No. 1549, as amended, and no permit could be involved in section 1 of the ordinance. See *Com. v. Scott-Powell Dairies,* 128 Pa. Superior Ct. 598, 600, 194 A. 684; *Com. v. Devenney,* 103 Pa. Superior Ct. 83, 85, 156 A. 809. The defect appearing on the record is fundamental and requires a reversal of the conviction. It is not necessary to consider the constitutional questions raised at the argument and by the briefs.

Judgment is reversed, and the conviction and the sentence are vacated and set aside.

fined in an amount not to exceed Fifty Dollars ($50.00) and the costs of prosecution, and in default of the same, shall undergo a term of imprisonment in the Allegheny County Jail not to exceed thirty (30) days."