## Commonwealth v. Sticco

*William W. Caldwell*, Assistant District Attorney, and *Martin H. Lock*, District Attorney, for Commonwealth.

*Manus McHugh* and *Nolan F. Ziegler*, for defendant.

KREIDER, J., July 30, 1960.—We have before us an appeal by defendant, Nicola Sticco, *who had previously pleaded guilty* before John V. Gjuran, a Justice of the Peace of East Hanover Township, Dauphin County, and paid a fine of $4,200 on a charge of operating a truck tractor and semitrailer whose weight with that of the load exceeded by 42,500 pounds the weight permitted by law.

Defendant in his petition for allowance of appeal prays that his sentence by the justice of the peace be set aside and that the $4,200 fine be repaid to him. Defendant bases his objections to the sentence on three propositions which his counsel contends must be answered affirmatively in defendant's favor. They are set forth in his brief as follows:

"First: The first is a narrow question of criminal procedure, viz., was defendant improperly found guilty of an offense other than the offense of which he was charged?

"Second: Was there a violation of rights guaranteed by Section 13 of Article I of the Constitution of the Commonwealth of Pennsylvania and the Eighth Amendment of the Constitution of the United States, in that the fine of four thousand two hundred dollars ($4,200) imposed was an excessive fine within the constitutional meaning of such term.

"Third: Was the manner in which the so-called hearing was conducted a violation of rights guaranteed to the defendant, Nicola Sticco and his employer, James D. Morrissey, Inc., by Sections 1 and 9 of the Constitution of the Commonwealth of Pennsylvania and the Fourteenth Amendment of the Constitution of the United States."

A hearing de novo was held by this court. From the evidence there adduced we make the following

### Findings of Fact

1. On July 27, 1957, defendant, Nicola Sticco, was driving a combination truck tractor and semitrailer on route 22 in East Hanover Township, Dauphin County.

2. The combined weight of the truck tractor, semitrailer and the load exceeded by 42,500 pounds the weight permitted by law.

3. The gross maximum weight of the vehicles and the load was 142,500. A special permit, however, had been issued by the Department of Highways of Pennsylvania which permitted defendant to haul a gross weight of 100,000 pounds in order that certain construction equipment might be transported.

4. Defendant on the day in question was stopped by members of the Pennsylvania State Police who directed him to haul the vehicles on a weighing scale along route 22, and it was there established that the said vehicles and load were 42,500 pounds overweight.

5. Defendant, Nicola Sticco, pleaded guilty to the charge of operating a combination truck tractor and

semitrailer and load which was 42,500 pounds overweight. Whereupon the justice of the peace sentenced him to pay a fine of $4,200 and costs in the amount of $5.

6. The said fine and costs were paid on the same day by defendant, who tendered in payment thereof a certified check of his employer, James D. Morrissey, Inc., of Philadelphia, the latter having been previously notified by the justice of the peace of defendant's arrest. Thereupon, the said vehicles were released.

7. The information against defendant was made by Corporal Joseph J. Devanney of the Pennsylvania State Police. Therein the complainant averred that defendant unlawfully operated on the day and place in question a combination Sterling truck tractor and a Rogers semitrailer with a gross maximum weight of 142,500 pounds "when the gross maximum weight allowed for this kind, type and class of combination of vehicles is 100,000 pounds. Vehicles overloaded 42,500 pounds, being over the gross maximum weight allowed by the Motor Vehicle Code, special hauling permit No. H5-43713, issued by the Department of Highways, Commonwealth of Pennsylvania. This being in violation of Section 903, Sub-section (d), Art. 9, Act 403, P. L. 1929, as amended by Act 270, App., May 26, 1943 as further amended by Act 70, approved June 30, 1935 . . ."

### Discussion

We have grave doubt that defendant, after having entered *a plea of guilty* to the violation as charged before the justice of the peace and paid his fine, is entitled to appeal from his conviction and sentence. In any event, there is no merit in defendant's attack on the information on the ground that the Act of Assembly referred to therein, viz., Act of June 30, 1955, P. L. 225, sec. 903(d), 75 PS §453(d), was not in effect on July 17, 1957, the day the information was filed. De-

fendant contends that the Act of 1955 had been superseded by the Act of June 1, 1956, P. L. 1999, 75 PS §453, that the latter act was in effect at the time of the violation and, therefore, the information should have been filed under it.

In our opinion, the Act of June 1, 1956, P. L. 1999, does not amend or supersede the "overweight" section, 903 (d), of the Act of June 30, 1955, P. L. 225, *insofar as the subject matter of this case is concerned,* viz., the maximum gross weight in pounds of the combination truck tractor, semitrailer and load in question, or the undisputed fact that defendant and his employer, having obtained a special permit to transport a maximum gross weight of 100,000 pounds, violated the permit by hauling 42,500 pounds in excess of the weight allowed.

Regardless of whether the information should have averred a violation of the Act of 1956 instead of the Act of 1955, defendant's contention cannot stand. *A plea of guilty admits all averments of fact and waives any defect in form of allegations and all defects not jurisdictional:* Weir v. United States, (C.C.A. 7th) 92 F. 2d 634, 114 A. L. R. 481, 484; certiorari denied, 302 U. S. 761. See also 14 Am. Jur. §212, and 22 C. J. S. §162. Moreover, by a host of decisions the Pennsylvanuia courts have held that *an appeal,* as in the instant case, *from a summary conviction waives procedural or other irregularities before a magistrate.* Under the facts in this case, the only question that may be raised on an appeal is the jurisdiction of the justice of the peace over the subject matter of the controversy.

In Commonwealth v. Scott-Powell Dairies, 128 Pa. Superior Ct. 598 (1937), defendant appealed from a summary conviction under the Milk Control Board Law. In that case the court stated:

"Appellant complains that the information upon which the magistrate issued the warrant against it was defective. However, the proceeding below was an appeal to the court of quarter sessions, where the case was heard de novo; appellant did not choose to proceed by certiorari in the court of common pleas. See *Commonwealth v. Benson et al.*, 94 Pa. Superior Ct. 10.

" 'If after the magistrate decided the case, a certiorari had been issued the regularity of the proceedings would have been before the court. Every part of the record including the complaint would have been sent up, Sadler Criminal Law Procedure, p. 569, Constitution of Pennsylvania, Article 5, Sec. 10, and the judgment might have been set aside, but "the defendant having proceeded by appeal must be presumed to have waived all mere technical errors in the proceedings of the justice, which did not go to the jurisdiction of that officer": *Steward v. Renner*, 87 Pa. Superior Ct. 411; *Swain v. Brady*, 19 Pa. Superior Ct. 459; *Gibson v. Haworth*, 47 Pa. Superior Ct. 618; *Commonwealth v. Hooper*, 55 Pa. Superior Ct. 518, 520.' "

In Commonwealth v. Burall, 146 Pa. Superior Ct. 525 (1941), the Superior Court, speaking through Judge Baldrige, stated: (p. 528)

"In view of the defendant's waiving a hearing and taking an appeal to the quarter sessions he cannot successfully attack the magistrate's record on the grounds to which we have referred. These alleged omissions are but procedural irregularities which did not affect the jurisdiction of the justice of the peace. The right to attack the record on technical deficiences was surrendered by the defendant in taking his appeal: *Commonwealth v. Hunter*, 107 Pa. Superior Ct. 513, 164 A. 113; *Commonwealth v. Scott-Powell Dairies*, 128 Pa. Superior Ct. 598, 601, 602, 194 A. 684."

See also Commonwealth v. Palms, 141 Pa. Superior Ct. 430 (1940).

In Commonwealth v. O'Donnell, 65 Dauph. 8 (1953), this court stated: (p. 20)

"In view of the evidence adduced by the Commonwealth in this case, we feel that the rule long ago laid down by the Superior Court of Pennsylvania in *Commonwealth v. Burkhart*, 23 Pa. 521 is appropriate.

" 'The courts are no longer astute in discovering defects in such proceedings; and when the charge in the complaint and summons is so specific as to give the defendant fair notice of the substance, time, and place of the offence charged, as is done here, it ought to be regarded as sufficient.' "

Defendant's second contention is that the $4,200 fine imposed upon him was excessive and therefore unconstitutional. We believe that the amount of the fine set forth in the Act of Assembly on a graduated scale depending upon the excessive weight involved, is a lawful exercise of the police power of the Commonwealth. The title of The Vehicle Code of May 1, 1929, P. L. 905, states its primary object: ". . . *For the protection of the public safety;* regulating the use of highways, and the operation of vehicles . . . upon the highways of this Commonwealth . . ." (Italics supplied.)

In McDonald v. Pennsylvania R. Co. et al., 210 F. 2d 524 (1954), the United States Court of Appeals for the Third Circuit in an opinion by Chief Judge Biggs held that The Vehicle Code of Pennsylvania is well within the police power of the Commonwealth. Similarly in Commonwealth v. Burall, 146 Pa. Superior Ct. 525, supra, it is stated, page 529:

"The purpose of statutes prohibiting the use of public highways by motor vehicles of excessive weight is to prevent injury to the public property in the form of damage to roads, bridges, etc., and further to insure the safety of persons traveling such highways. See *Commonwealth v. Peacock*, 118 Pa. Superior Ct. 168, 175, 179 A. 907; and *People v. Linde*, (Ill.), 173 N. E.

361, 72 A.L.R. 997, 1003. Having regard to the plain purpose of such legislation, it is evident that the prohibition of excessive weights includes generally the gross weight of load and vehicle. Damage to the roadway is occasioned by the weight of the load plus the weight of the vehicle itself . . ."

Defendant frankly states in his brief that he can find no case to support his contention. Neither can we. It seems clear that the General Assembly may provide a substantial penalty, if it so desires, to protect its highways and the people using them. See Lattavo Brothers, Inc., v. Hudock, 119 F. Supp. 587 (1953), affirmed by the Supreme Court of the United States in 347 U. S. 910 (1954). In that case the United States Court for the Western District of Pennsylvania said, page 589:

"It is no longer open to dispute that a state, in the exercise of its police power and in the absence of Congressional action, may impose reasonable restrictions upon the weight and size of vehicles which travel over its highways, . . ."

Likewise in Commonwealth v. Weik, 188 Pa. Superior Ct. 391 (1958), it was held in an opinion written by Judge Ervin that "One of the main purposes for limiting the weight for commercial trucks is to preserve the highways from destruction": Page 395. We believe, therefore, that a graduated scale of fines may be prescribed by the General Assembly in proportion to the excessive and unlawful weight of the vehicles using the highways of Pennsylvania.

Defendant's third and final contention is likewise without merit. Practically all of his arguments on this point relate to the disputed fact that his employer, James D. Morrissey, Inc., was not notified of or allowed to enter the case prior to the time the defendant pleaded guilty before the justice of the peace. Defendant Sticco attacks The Vehicle Code as unconstitu-

tional because he claims it fails to provide for notice of the proceedings to the owner of the motor vehicle involved. Defendant also contends that this alleged failure deprived the owner of his day in court and the opportunity to be heard and defend this action. *The employer, James D. Morrissey, Inc., is not a party of record in this proceeding and therefore cannot attack the constitutionality of the act.* This was flatly decided in Hudock, etc., v. Lattavo Brothers, Inc., 85 D. & C. 515, 64 Dauph. 377 (1953). There, Judge Richards, speaking for this court, stated: *"The driver of a truck arrested for overweight may appeal, but the owner cannot."* It was also held in that case that the owner may seek a determination of his asserted rights in a declaratory judgment proceedings.*

The rule which forbids the employer's attempt to have his alleged rights adjudicated even though he is not a party of record in this case is clearly and succinctly set forth in Commonwealth v. Paul, 177 Pa. Superior Ct. 289 (1953). There, Judge Ross, speaking for the Superior Court, said: (p. 293)

"Furthermore, the defendant must confine his complaint to the statute as it applies to him. *He cannot become the self-appointed champion of the supposed rights of others.* 'In all criminal prosecutions accused, to entitle him to raise the question of the constitutionality of a statute or ordinance, must show that his rights are adversely affected by it; and, more particularly, that his rights are thus affected by the particular feature of the statute alleged to be in conflict with the constitution. *It is not sufficient that the statute may impair the rights of others.*' 16 C.J.S. sec. 84, pages 176-177. In the case at bar, 'the particular feature of the statute, alleged to be in conflict with the

---

* This case, under the caption Lattavo Brothers, Inc., v. Hudock was further litigated, as above stated.

constitution' is, according to defendant, a 'lack of definiteness'. If the defendant is to be harmed by the statute, and thus have standing to attack it on constitutional grounds, it must appear that, but for the failure of the statute to clearly define a standard of conduct, his acts would not have come within its purview. It avails the defendant nothing to suggest that a distorted construction of the statutory language might impair the rights of others . . ."

To the same effect is Commonwealth v. Moore, 11 D. & C. 2d 555, 6 Bucks 170 (1956). In that case the facts are somewhat analogous to the case at bar. Defendant Moore was stopped and charged with driving an overweight vehicle. He was immediately taken before a justice of the peace where a hearing was held *and defendant pleaded guilty.* In default of payment of the fine the vehicle was impounded under the provisions of the act. Defendant attacked the statute as unconstitutional because it failed to provide for notice of the proceeding to the owner of the motor vehicle, contending that this failure deprived the owner of his day in court and the opportunity to be heard and defend the action. These are the same contentions raised in the instant case. In a noteworthy opinion Judge Rubin said:

". . . As to any other person or entity who was the owner at the time the offense was committed, no harm has been done to him or it by the statute. The motor vehicle combination was not sold or otherwise disposed of but was released when bond was given by defendant and no harm was suffered by the owner as a result of its detention": Page 564.

*In refusing to decide the question of constitutionality,* the court concluded:

"It is well settled that the constitutionality of the statute will not be considered in any case unless consideration is absolutely necessary in order to determine

the merits of the suit in which the constitutionality of such statute has been drawn in question, and that such rule should not be departed from except for strong reasons and under extraordinary circumstances. We find no reason or circumstance which requires us to depart from the above stated rule, and accordingly the seventh exception is dismissed . . .": Page 565.

### Conclusions of Law

1. Defendant, Nicola Sticco, should be found guilty of violating the overweight provisions of The Vehicle Code of 1929, as amended.

2. Defendant's appeal should be dismissed.

### Order

And now, July 30, 1960, we find defendant Nicola Sticco guilty of violating the overweight provisions of The Vehicle Code of 1929, as amended, by unlawfully transporting upon the public highways of East Hanover Township, Dauphin County, a combination truck tractor, semitrailer and load whose total maximum weight was 42,500 pounds in excess of the permitted weight. Accordingly, defendant's appeal is dismissed.